United States District Court
Southern District of Texas
**ENTERED**
November 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JUAN LEOPOLDO POSAS CHAVEZ**, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **1:26-cv-636** |
| | § | |
| **FRANCISCO VENEGAS**, *et al.*, | § | |
| Respondents. | § | |

**NOTICE AND ORDER**

The Court is in receipt of a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (hereinafter, "Petition"). Dkt. No. 1. Petitioner indicates that he is being wrongfully detained pursuant to 8 U.S.C § 1225(b)(2)(A). *See* Dkt. No. 1 at 5-9. Among other things, he asserts that his current detention violates his rights under the Due Process Clause of the Fifth Amendment. *Id.* His claims, however, would appear to be foreclosed by recent Supreme Court and Fifth Circuit decisions. *See DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned."); *Jennings v. Rodriguez*, 583 U.S., 281, 297 (2018) ("[N]othing in the statutory text [of 1225(b)] imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."); *Demore v. Kim*, 538 U.S. 510, 511 (2003) ("detention during such proceedings is a constitutionally valid aspect of the process"); *Sosnava Rodriguez v. Vergara*, No. 26-50183, 2026 WL 3181188, at *6 (5th Cir. Oct. 23, 2026) (en banc) ("Petitioners are concededly "applicants for admission"

under § 1225(b)(2)(A), and they may not assert a right to further process governing their admission beyond what Congress has provided in § 1225(b)(2)(A)."); *Buenrostro v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (holding that there is no statutory right to a bond hearing under § 1225(b)(2)(A)).

Accordingly, Petitioner is **ORDERED** to file a brief in support of his Petition which provides authority in support of his requested relief, to the extent it exists, which is not foreclosed in this Circuit. Petitioner is **FURTHER ORDERED** to file this brief in support **on or before December 14, 2026**.

Petitioner is **NOTIFIED** that a failure to comply with this Order will lead to the dismissal of his Petition for failure to prosecute.

**SO ORDERED**.

**SIGNED** on this **20th** day of **November, 2026**, at Brownsville, Texas.

______________________________
**Ignacio Torteya, III**
**United States Magistrate Judge**